**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

**WILLIAM WHITE, JR.,**

      **Petitioner,**

      **v.**

**DIRECTOR OF THE VIRGINIA
DEPARTMENT OF CORRECTIONS,**

      **Respondent.**

**Civil Action No. 3:23cv637**

**MEMORANDUM OPINION**

On October 4, 2023, William White, Jr., a Virginia inmate filed a petition pursuant to 28 U.S.C. § 2254 ("the 2023 § 2254 Petition") challenging his convictions in the Circuit Court of Greensville County for first degree murder and assault and battery of a state trooper. The Court previously denied a 28 U.S.C. § 2254 petition by White challenging these convictions. *White v. Virginia*, No. 3:07cv708, 2008 WL 3851170, at *1–4 (E.D. Va. Aug. 12, 2008) (dismissing claims in original § 2254 Petition because White failed to demonstrate that he was entitled to federal habeas relief and dismissing proposed claims as barred by the relevant statute of limitations). Accordingly, on October 27, 2023, the Court dismissed the § 2254 Petition as a successive, unauthorized petition. *White v. Dir. of the Virginia Dep't of Corr.*, No. 3:23cv637, 2023 WL 7116842, at *1 (E.D. Va. Oct. 27, 2023). White appealed. (ECF No. 9.) On October 1, 2024, the United States Court of Appeals for the Fourth Circuit dismissed White's appeal. *White v. Dir., Virginia Dep't of Corr.*, No. 23-7223, 2024 WL 4357229 (4th Cir. Oct. 1, 2024)

The matter is before the Court on Motion to Vacate Judgment under Fed. R. Civ. P. 60(b)(4) filed by White. ("Rule 60(b)(4) Motion," ECF No. 24.) A party seeking relief under Federal Rule of Civil Procedure 60(b) must make a threshold showing of "timeliness, a

meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (quoting *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)). After a party satisfies this threshold showing, "he [or she] then must satisfy one of the six specific sections of Rule 60(b)." *Id.* (citing *Werner*, 731 F.2d at 207).[1] Here, White fails to show he has a meritorious claim or defense because his § 2254 Petition filed in 2023 was properly dismissed as an unauthorized successive 28 U.S.C. § 2254 petition. Accordingly, the Rule 60(b)(4) Motion (ECF No. 24) will be DENIED. A certificate of appealability will be DENIED.

An appropriate Final Order will accompany this Memorandum Opinion.

Date: 4/21/26
Richmond, Virginia

_____ /s/ _____
M. Hannah Lauck
Chief United States District Judge

---

[1] Here, White seeks relief under 60(b)(4), asserting that the decision to dismiss the § 2254 Petition he filed in 2023 void. Specifically, White contends that he is entitled to relief because, "[i]n the context of successive petitions for habeas corpus, it is improper for the district court to dismiss the petition sua sponte without notice." (ECF No. 24, at 2 (capitalization corrected) (citing *Lugo v. Keane*, 15 F.3d 29 (2d Cir. 1994) (discussing the abuse of the writ doctrine.)